United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PREBLE-RISH HAITI, S.A.,** § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01953 |
| § | |
| **REPUBLIC OF HAITI,** *et al*, § § | |
| Defendants. § | |

## MEMORANDUM & ORDER

On September 27 the Court held a motion hearing on Plaintiff Preble-Rish Haiti, S.A.'s ("PRH") Motion for Extraordinary Relief (Doc. 40) and Plaintiff's Motion for Reconsideration and Motion for Leave to Amend (Doc. 47). The Court took the motions under advisement.

For the reasons set forth below, the Court now determines that the Motion for Leave to Amend should be **GRANTED**. The Court will decide the remaining pending motions after Plaintiff has amended its complaint.

A. Background

PRH's Motion for Extraordinary Relief, Motion for Reconsideration, and Motion for Leave to Amend arose from the Court's September 3 Memorandum & Order, in which it vacated Rule B attachment of Defendants' assets within Garnishee BB Energy USA LLC's ("BB Energy") possession. The Court also stayed the case pending the results of the arbitral award confirmation proceedings in New York federal court on the premise that a ruling from that court in favor of Plaintiff could provide alternative grounds for attachment here.

Before issuing its Memorandum & Order, the Court had directed Garnishee to provide a list of Defendants' assets in BB Energy's possession. BB Energy did not provide this list to Plaintiff because, BB Energy argued, the vacatur of Rule B attachment deprived the Court of

subject-matter jurisdiction to enforce the inventory order. In response, Plaintiff filed the Motion for Extraordinary Relief, renewing its request for the Court to order discovery as to assets in Garnishee's possession. Shortly thereafter, Plaintiff also filed a Motion for Reconsideration of the Court's vacatur of Rule B attachment and a Motion for Leave to Amend its complaint to formally include maritime tort claims.

The Court now addresses the Motion for Leave to Amend.

### B. Motion for Leave to Amend

Plaintiff PRH seeks leave to amend its complaint to include maritime torts by Defendants Republic of Haiti and Bureau De Monétisation De Programmes D'aide Au Développement (collectively "BMPAD"). Specifically, PRH seeks to formally allege the seizure of a ship carrying PRH's cargo, the M/T ACQUILA, and the conversion of her fuel shipment. These maritime torts, Plaintiff argues, would provide a basis for this Court's admiralty jurisdiction.

BB Energy argues that the Court should not grant PRH leave to amend its complaint because PRH has never asserted maritime tort claims, whether in the arbitration, in the judicial proceedings in New York, or in this case. Instead, BB Energy agues, PRH alleged only contract claims, which was appropriate because "the claims are plainly contractual in nature." Garnishee's Response, Doc. 52, at 11. Garnishee further asserts that, "if the duty Haiti allegedly breached is contractual, it is axiomatic that it cannot also arise in tort." *Id.* Moreover, Garnishee argues that the Court cannot grant leave to amend because its September 3 vacatur of Rule B attachment deprived it of subject-matter jurisdiction.

In its Reply, PRH counters that the alleged maritime torts led to the breach of the contracts giving rise to PRH's claim for damages in its initial complaint. Further, PRH amended its arbitration submission to formally include a claim for maritime theft/conversion. Thus, PRH

asserts that "BB Energy's contention that amendment in this action is not appropriate because no such claim was brought in the arbitration no longer has any merit." Pl.'s Reply, Doc. 53, at 5.

The Court finds PRH's position the more persuasive. First, the Court concludes that a Plaintiff may allege both breach of contract and tort claims in an admiralty action. For example, in *Armada Supply v. S/T Agios Nikolas*, where defendants not only contaminated fuel oil cargo, but also absconded with it and held it for ransom when faced with a warrant for arrest of the vessel, the court granted punitive damages because they are available where "the breach constitutes an independent, willful tort in addition to being a breach of contract." 639 F. Supp. 1161, 1162 (S.D.N.Y. 1986) (quoting *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57 (2d Cir. 1985) (Friendly, J.)).

Second, the Court finds that a maritime tort claim would properly relate back to the filing of the initial complaint, since the underlying facts supporting such a claim are already alleged in the complaint. *See*, *e.g.*, Pl.'s Complaint, Doc. 1 ¶¶ 80-85 (alleging that the MT AQUILA L would not discharge fuel until BMPAD paid as required, that BMPAD asserted a "conservatory lien" over the fuel, and that BMPAD forcibly resumed discharge of fuel from the vessel without payment). Moreover, PRH's amendment of its arbitration submission moots BB Energy's argument that PRH has no right to allege claims here that it did not allege in the arbitration.

Finally, the Court disagrees with Garnishee's contention that the Court cannot grant leave to amend the complaint because the Court "must dismiss this case in its entirety" for lack of subject matter jurisdiction. Garnishee's Response in Opposition to Pl.'s Mot. for Extraordinary Relief, Doc. 48, at 5 (citing *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998); *Philadelphia Indemn. Ins. Co. v. Comal Trace Homeowners Assoc.*, No. A-16-CA-01019-SS, 2017 WL 5240893, at *3 (W.D. Tex. Jan. 13, 2017); *Stralia Maritime S.A. v. Praxis Energy*

*Agents DMCC*, No. H-18-1486, 2018 WL 4184715, at *2 (S.D. Tex. Aug. 31, 2018) (when Rule B attachment "forms the jurisdictional basis of a case, a defendant is entitled to dismissal if it shows that the attachment should be vacated")). Even assuming without deciding that the Court's vacatur of attachment under Rule B constituted dismissal, it applies the standard set forth in Federal Rule of Civil Procedure 15(a). *See United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) ("Where . . . the plaintiff files a motion for reconsideration and requests leave to amend following a dismissal with prejudice, 'the considerations for [the] Rule 59(e) motion are governed by [Federal Rule of Civil Procedure] 15(a).'") (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2013) (alterations in original, other citation omitted); Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

In the Fifth Circuit, courts examine five factors under Rule 15(a) to determine whether to grant a party leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. Absent any of these factors, the leave sought should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation and citations omitted). "A district court possesses broad discretion in its decision whether to permit amended complaints." *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013).

Here, Plaintiff filed the Motion for Leave to Amend shortly after the Court vacated the Rule B attachment based on its finding that the contracts at issue are not maritime in nature. Plaintiff apparently did so in good faith based on its belief that a formal allegation of maritime

tort claim would provide the Court admiralty jurisdiction to grant attachment of Defendant's assets under Rule B. This would be Plaintiff's first amendment. Further, Garnishee would not be unduly prejudiced because the Motion for Reconsideration as to the Rule B attachment remains pending; the assets in which Garnishee asserts an interest belong to Defendant, rather than Garnishee; and Garnishee need not "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court," as discovery in this case has been limited and the alleged tort claims relate to the same incident as the breach of contract claims. *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (5th Cir. 1999).

*   *   *

For the reasons above, Plaintiff's Motion for Leave to Amend should be **GRANTED**. Plaintiff is directed to file an amended complaint by Friday, October 1.

The Court will consider the remaining pending motions after that date.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on September 29, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE