United States District Court
Southern District of Texas
**ENTERED**
October 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PREBLE-RISH HAITI, S.A.,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 4:21-CV-01953** |
| | § | |
| **REPUBLIC OF HAITI,** *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

On September 29, the Court issued a Memorandum & Order granting Plaintiff Preble-Rish Haiti, S.A. ("PRH") leave to amend its complaint to formally include maritime tort claims. PRH did so on October 1. The Court now addresses the remaining pending motions: Plaintiff's Motion for Extraordinary Relief (Doc. 40) and Plaintiff's Motion for Reconsideration (Doc. 47).[1]

For the reasons set forth below, the Court **DENIES AS MOOT** the Motion for Reconsideration and **GRANTS** the Motion for Extraordinary Relief.

### A. The Court's Jurisdiction

The Court starts by addressing whether Plaintiff's formal allegations of maritime torts affect the Court's jurisdiction. "A party seeking to invoke federal admiralty jurisdiction over a tort claim must satisfy conditions both of 'location' and of 'connection' with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527, 531–42 (1995) (applying the admiralty jurisdiction test set forth in *Sisson v. Ruby*, 497 U.S. 358 (1990)); *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 455–56 (5th Cir.1999).

---

[1] See the Court's September 29 Memorandum & Order, Doc. 59 at 1-2, for the relevant factual background and procedural history.

As to the first prong, "[a] court applying the 'location' test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Grubart*, 513 U.S. at 534; *Egorov*, 183 F.3d at 456. The general rule in the Fifth Circuit is that the "impact" of torts must "take effect" on water to satisfy the location test. *Egorov*, 183 F.3d at 456. An exception to this general rule is provided by the Admiralty Extension Act, 46 App.U.S.C. 740.[2] *See Egorov*, 183 F.3d at 456; *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 543 (W.D. La. 2001). Any injury to property consummated on land when caused by a vessel on navigable waters is within admiralty jurisdiction. *See* 46 App.U.S.C. § 740. The definition of a "vessel" includes its appurtenances. *See Egorov*, 183 F.3d at 456.

As to the second prong, the "connection" test raises two issue: a court (a) "must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce," *Grubart*, 513 U.S. at 534 (internal quotation marks and citations omitted), and (b) "must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity," *id.* (internal quotation marks and citations omitted). To determine whether admiralty jurisdiction exists, "the incident" must be analyzed at an "intermediate level of possible generality." *Id.* at 538. For example, the "general features" of the facts of *Grubart*, which included massive flooding in downtown Chicago caused by a barge on a river that punctured an underwater tunnel while driving piles to protect the base of a bridge, were characterized as "damage by a vessel in navigable water to an underwater structure." *Id.* at 539.

---

[2] The Admiralty Extension Act provides in part: "The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 App.U.S.C. 740.

2

In this case, Plaintiff alleges that its claims against Defendants Republic of Haiti and Bureau De Monétisation De Programmes D'aide Au Développement (collectively "BMPAD") arise out of maritime torts. Specifically, Plaintiff alleges that BMPAD wrongfully seized the MT AQUILA L and converted her shipment of fuel oil, for which BMPAD did not pay. Plaintiff's First Amended Complaint, Doc. 61, ¶ 86. These alleged wrongs satisfy the location test for invoking federal admiralty jurisdiction over a tort claim because they took place on navigable waters at or near the coast of Haiti. They also satisfy the connection test because (a) the alleged seizure of a sea-based vessel and conversion of her fuel cargo has the potential to disrupt maritime commerce, and (b) the incident arose from the contracts at issue, which provide for the shipment of fuel by sea and bear a substantial relationship to traditional maritime activity. Therefore, the Court concludes that it has admiralty jurisdiction as to Plaintiff's tort claims.

### B. Motion for Reconsideration

The Court previously vacated Rule B attachment of Defendants' assets within Garnishee BB Energy USA LLC's ("BB Energy") possession. *See* Memorandum & Opinion, Doc. 59 (September 3, 2021). The Court based the vacatur on its finding that the contracts at issue are not maritime, meaning that Plaintiff had no valid *prima facie* admiralty claim against Defendants. *See Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008) (holding that Rule E(4)(f), "an attachment should issue only if a plaintiff establishes four factors: *(1) that the plaintiff has a valid* prima facie *admiralty claim against the defendant*; (2) that the defendant cannot be found within the district; (3) that the defendant's property may be found within the district; and (4) that there is no statutory or maritime law bar to the attachment.") (emphasis added).

Given Plaintiff's formal allegation of maritime torts and the Court's finding of admiralty jurisdiction as to same, the Court now concludes that Plaintiff has a valid *prima facie* admiralty claim against Defendants. Thus, Plaintiff now satisfies the first requirement for attachment under Rule B—the only one that Garnishee has contested in this case. Attachment under Rule B is therefore proper.

Plaintiff has a *prima facie* admiralty claim based on the alleged maritime torts regardless whether the PRH-BMPAD contracts are maritime in nature. Thus, the Court need not reconsider its previous vacatur of Rule B attachment as to Plaintiff's contract claims against Defendants. The Motion for Reconsideration is **DENIED AS MOOT**.[3]

### C. Motion for Extraordinary Relief

The Court finds that Plaintiff raises reasonable concerns about the status of Defendants' property held by BB Energy. Information on those assets will greatly aid Plaintiff (and the Court) in understanding the stakes involved in this attachment action and whether those assets have shifted since the original writ of attachment was served on BB Energy on June 30, 2021. This benefit outweighs the limited burden that the requested discovery would impose on Garnishee.

Thus, the Court **GRANTS** the Motion for Extraordinary Relief. It **ORDERS** that Garnishee:

- Provide a list Defendants' assets currently in its possession to the Court by October 6, 2021;

- Respond to written discovery by Plaintiff; and

---

[3] Similarly, the Court need not rule on Plaintiff and Garnishee's disagreement regarding the applicability of Federal Rule of Civil Procedure 62(a), which Plaintiff argues prohibited the release of BMPAD's assets held by BB Energy for 30 days. Because attachment of BMPAD's assets issues under Rule B, Garnishee cannot release those assets regardless whether Rule 62(a) applies here.

- Facilitate deposition of a corporate representative of BB Energy concerning the property of Defendants held by BB Energy, including its description, handling, treatment, transfers, and disposition since June 30, 2021.

*   *   *

For the above reasons, the Court **DENIES AS MOOT** the Motion for Reconsideration and **GRANTS** the Motion for Extraordinary Relief. As to the latter, the Court **ORDERS** an inventory of Defendant's assets to be provided by October 6, 2021; written discovery; and a corporate representative deposition.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on October 4, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE