United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PREBLE-RISH HAITI, S.A.,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01953 |
| | § | |
| **REPUBLIC OF HAITI**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

On January 19, 2022, the Court held a motion hearing on Garnishee BB Energy, Inc.'s ("BB Energy") Motion to Stay Discovery Pending Interlocutory Appeal. The Court took the motion under advisement. It now determines that the motion should be **GRANTED**. It issues this Memorandum & Order to set forth its reasoning.

### I. BACKGROUND

Plaintiff Preble-Rish Haiti, S.A. ("PRH") and Garnishee are well-familiar with the facts and procedural history of this case. Most relevantly, on January 4, 2022, the Court denied the Foreign Sovereign Immunities Act defense invoked by Garnishee. (Doc. 146.) It ordered responses to Plaintiff's written discovery requests by January 18 and submission to a corporate representative deposition by January 28. Garnishee has fulfilled neither request. It filed the instant stay motion (Doc. 147) on January 10, 2022, asserting that it is entitled to a stay of discovery pending its interlocutory appeal of the Court's order denying the immunity defense.

### II. DISCUSSION

Garnishee BB Energy alleges two grounds for a stay of discovery: <u>First</u>, BB Energy notes that staying discovery pending an appellate challenge to the denial of immunity is presumptively

appropriate because a notice of appeal divests a district court of jurisdiction to proceed with discovery pending the appeal. Second, Garnishee argues that the traditional criteria for granting a stay pending appeal favor Garnishee and thus constitute an independent basis for a stay.

### A. Discovery Pending an Appellate Challenge to the Denial of Sovereign Immunity

Garnishee argues that proceeding with discovery under the circumstances would vitiate the purported sovereign immunity of Defendants Republic of Haiti and Bureau De Monétisation De Programmes D'aide Au Développement (collectively "BMPAD") before the Fifth Circuit Court of Appeals has a chance to review the merits of the defense. *See*, *e.g.*, *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005) (noting that appealing a rejection of foreign sovereign immunity "ordinarily divests the district court of jurisdiction to proceed with the litigation pending [the appeal's] resolution").

No appellate review, Garnishee asserts, can undo the costs and burden of discovery once it has begun. Indeed, the Fifth Circuit's recent opinion in this matter stated: "FSIA Immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Preble-Rish Haiti, S.A. v. BB Energy USA, LLC*, 2021 WL 5143757, at *2 (5th Cir. Nov. 4, 2021) (quoting *Kelly v. Syria Shell Petrol. Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000)).  Thus, courts in this District and in other circuits have granted "stays of discovery pending the resolution of immunity issues without considering" either "a strong showing of success on the merits or the other traditional stay factors." *See Russell v. Harris Cty., Texas*, 2021 WL 2637576, at *3 (S.D. Tex. June 25, 2021) (collecting cases).

In response, PRH argues that BB Energy cannot "fully assume the role of a sovereign for all purposes." Response, Doc. 151, at 3. Here, it is BB Energy, not BMPAD, whose records and actions are at issue. The key issues for the purposes of PRH's garnishment action are ownership

of funds and assets and how BB Energy handled BMPAD's funds after they left BMPAD's possession. This, PRH argues, is information solely within BB Energy's knowledge. Plaintiff further asserts that Defendants will suffer no monetary costs or burdens on their time if the non-sovereign Garnishee responds to discovery or presents a witness for deposition. Moreover, PRH points out that BMPAD has made its various contracts with BB Energy publicly available on its website, which PRH argues undercuts any argument by BB Energy that BMPAD has any privacy interest in the information PRH seeks.

The Fifth Circuit's recent *per curiam* opinion as to the discovery at issue here established that any discovery had to be "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination" while that alleged ground for dismissal was pending. *Preble-Rish Haiti*, WL 5143757, at *2 (*Kelly*, 213 F.3d at 849). The Court reads the Fifth Circuit's reasoning to extend to the current circumstances; the immunity defense has not been conclusively foreclosed because Garnishee has sought interlocutory appellate review of the Court's denial of the same defense.

Accordingly, the Court concludes that it is bound to grant Garnishee's motion for stay pending the appeal because it has been divested of jurisdiction to proceed with discovery. The Court need not reach the traditional analysis for stays pending appeal, *see Nken v. Holder*, 556 U.S. 418, 426 (2009),

### B. Alleged Misrepresentations by Garnishee as to BMPAD's Assets

Despite the Court's grant of a stay of discovery pending appeal, it is alarmed by PRH's allegations that Garnishee has misrepresented information regarding BMPAD's assets in its possession. In its Response, PRH included exhibits to support its allegations (1) that BB Energy received prepayment funds in excess of $18M on at least two occasions immediately prior to

and/or contemporaneously with the initial service of the writ of garnishment, and (2) that BB Energy reportedly delivered over $40M worth of fuel to BMPAD in November 2021, at which time PRH was effecting daily service of the writ.

At the hearing, Garnishee's counsel explained in detail why PRH's allegations are unavailing. PRH rebutted that written discovery and deposition of an appropriate corporate representative, as this Court has ordered on multiple occasions, are necessary to confirm whether Garnishee has obfuscated or dissipated assets. PRH argues that such discovery should take place expeditiously, since a lengthy stay of discovery pending appeal would allow Garnishee to allegedly dissipate BMPAD's unknown assets. PRH's concerns are well-taken.

Therefore, the stay of discovery is conditioned on Garnishee applying to the Fifth Circuit for an expedited briefing schedule as to the sovereign immunity defense. *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) (conditioning stay of discovery pending resolution of defendant's appeal on defendant applying to the Second Circuit for an expedited briefing schedule). Should the Fifth Circuit affirm denial of the sovereign immunity defense as to Plaintiff's maritime tort claims, Garnishee must respond to written discovery within seven days, and submit to a corporate representative deposition within 21 days, of the Fifth Circuit's ruling. Failure to comply with this order may lead to a finding of contempt by Garnishee.

*   *   *

Based on the above, the Court grants Garnishee's request for a stay pending the Fifth Circuit's review of the Court's denial of the sovereign immunity defense. This stay is conditioned on Garnishee's application for an expedited briefing on that issue. Garnishee is ordered to comply with discovery as set forth above should the Fifth Circuit affirm this Court's decision.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on January 21, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE